IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CAROLYN BEATRICE SOLES, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAROLYN W. COLVIN, )<br>Acting Commissioner of Social Security, )<br>)<br>Defendant. ) | CASE NO. 1:14cv1018-SRW |

## **MEMORANDUM OPINION**

Plaintiff Carolyn Beatrice Soles commenced this action on October 2, 2014, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner denying her claim for a period of disability and disability insurance benefits. On February 28, 2013, the Administrative Law Judge ("ALJ") issued an adverse decision.[1] The Appeals Council denied plaintiff's request for review, and the ALJ's decision became the final decision of the Commissioner. This case is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3). The parties have consented to entry of final judgment by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c). For the reasons stated herein, the court finds that the Commissioner's ruling is due to be affirmed.

### **STANDARD OF REVIEW**

The court's review of the Commissioner's decision is narrowly circumscribed. The function of this court is to determine whether the decision of the Commissioner is

---

[1] Plaintiff was represented by counsel at the hearing before the ALJ.

1

supported by substantial evidence and whether proper legal standards were applied. Richardson v. Perales, 402 U.S. 389, 390 (1971); Wilson v. Barnhart, 284 F.3d 1219, 1221 (11th Cir. 2002). This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Id. It is "more than a scintilla, but less than a preponderance." Id. A reviewing court "may not decide facts anew, reweigh the evidence, or substitute [its] decision for that of the [Commissioner]." Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). In other words, this court is prohibited from reviewing the Commissioner's findings of fact *de novo*, even where a preponderance of the evidence supports alternative conclusions.

While the court must uphold factual findings that are supported by substantial evidence, it reviews the ALJ's legal conclusions de novo because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. Davis v. Shalala, 985 F.2d 528, 531 (11th Cir. 1993). If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining that the proper legal analysis has been conducted, it must reverse the ALJ's decision. Cornelius v. Sullivan, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

To qualify for disability benefits and establish his or her entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder. The Regulations define "disabled" as "the inability to do any substantial gainful activity by reason of any medically determinable physical or

mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 404.1505(a). To establish an entitlement to disability benefits, a claimant must provide evidence about a "physical or mental impairment" that "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(i-v). The Commissioner must determine in sequence:

(1) whether the claimant is currently employed;

(2) whether the claimant has a severe impairment;

(3) whether the claimant's impairment meets or equals an impairment listed by the Commissioner;

(4) whether the claimant can perform his or her past work; and

(5) whether the claimant is capable of performing any work in the national economy.

Pope v. Shalala, 998 F.2d 473, 477 (7th Cir. 1993) (citing to formerly applicable C.F.R. section), overruled on other grounds by Johnson v. Apfel, 189 F.3d 561, 562-63 (7th Cir. 1999); accord McDaniel v. Bowen, 800 F.2d 1026, 1030 (11th Cir. 1986). The sequential analysis goes as follows:

> Once the claimant has satisfied steps One and Two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her work, the burden shifts to the [Commissioner] to show that the claimant can perform some other job.

Pope, 998 F.2d at 477; accord Foote v. Chater, 67 F.3d 1553, 1559 (11th Cir. 1995). The Commissioner must further show that such work exists in the national economy in significant numbers. Id.

## DISCUSSION

On September 26, 2011, plaintiff submitted applications for disability insurance benefits and a period of disability with an alleged disability onset date of January 1, 2009. The ALJ found that plaintiff met the insured status requirements through December 31, 2013. The ALJ then determined that plaintiff has not engaged in substantial gainful activity since her alleged onset date and that she has the severe impairments of degenerative disc disease of the lumbar spine with minimal annular disc bulges at L2-3 through L5-S1; hypertension; obesity; and migraine headaches. The ALJ concluded that none of the severe impairments, individually or collectively, meets a listed impairment in 20 C.F.R. pt. 404, subpt. P, app. 1 (2014).

Based on the plaintiff's severe impairments, the ALJ developed a residual functional capacity ("RFC") assessment that plaintiff can perform a full range of sedentary work with no limitations. After considering the evidence of record, the RFC, and the Medical-Vocational Guidelines, the ALJ concluded that there are jobs existing in significant numbers in the national and local economy that plaintiff can perform. The ALJ found that plaintiff is not disabled.

On appeal, plaintiff argues that the ALJ erred by (1) failing to find that carpal tunnel syndrome is a severe impairment; (2) failing to consider the non-exertional impact of the severe impairment of migraines on the RFC; and (3) failing to consider the opinions of

plaintiff's treating physician, Dr. James P. Dehaven properly. (Doc. # 12). Upon review of the record, the court concludes that these contentions are without merit.

An impairment is "severe" if it "significantly limits [one's] physical or mental ability to do basic work activities" and the limitation persists for at least twelve consecutive months. 20 C.F.R. §§ 404.1520(c); 404.1505(a). Plaintiff bears the burden to prove an impairment is severe. See Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001). The ALJ considered whether carpal tunnel syndrome had the requisite impact on plaintiff's abilities. In making his findings, the ALJ credited plaintiff's testimony that the impairment did not cause her to make changes to her daily activities. He also noted that a diagnosis of carpal tunnel syndrome is not enough, standing alone, to give rise to a severe impairment. See Moore v. Barnhart, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005) (the existence of an impairment does not reveal the limitations caused by the condition). Upon review, the court concludes that substantial evidence supports the ALJ's finding that plaintiff's carpal tunnel syndrome is not a severe impairment.

Substantial evidence also supports the ALJ's RFC determination, and he explained in detail his reasons for concluding that plaintiff is not limited because of her migraines, despite having found her migraines to be a severe impairment. The plaintiff argues that the ALJ did not consider the non-exertional limitations of plaintiff's migraines in accordance with SSR 96-8p and SSR 85-15. The ALJ, however, did meet the requirements of the regulations. Specifically, the ALJ discussed plaintiff's testimony and evidence regarding the frequency and limitations caused by headaches as well as her work history, and he concluded that her testimony was "inconsistent." (Doc. # 16-2 at p. 16). The ALJ's

written decision is sufficiently detailed to allow the court to conclude that the ALJ reviewed and weighed the plaintiff's medical evidence as a whole to determine her non-exertional capacity in terms of work-related functions. See Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005); SSR 96-8p. Here, the ALJ performed a proper RFC analysis that is based on substantial evidence, and the court will not revisit or disturb his findings.

As to plaintiff's argument that the ALJ did not give "adequate weight" to the opinions of plaintiff's treating physician, Dr. Dehaven, the court finds that the ALJ applied correct legal standards. The Commissioner must specify what weight is given to a treating physician's opinion and any reason for giving it no weight at all. MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986) (citing Broughton v. Heckler, 776 F.2d 960, 961-62 (11th Cir. 1985) and Wiggins v. Schweiker, 679 F.2d 1387, 1389-90 (11th Cir. 1982)). Failure to do so is reversible error. Id. (citations omitted). The opinion of a treating physician "must be given substantial or considerable weight unless good cause is shown to the contrary." Phillips v. Barnhard, 357 F.3d 1232, 1240 (11th Cir. 2004) (quoting Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997)) (internal quotation marks omitted). "Good cause" exists when:

- the treating physician's opinion was not bolstered by the evidence,
- the evidence supported a contrary finding; or
- the treating physician's opinion was conclusory or inconsistent with his or her own medical records.

Id. at 1241 (citation omitted).

The ALJ must clearly articulate his or her reasons for disregarding a treating physician's opinion, and the failure to do so is reversible error. Lewis, 125 F.3d at 1440 (citation omitted); see also 20 C.F.R. § 404.1527(c)(2) ("We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion."). However, when the ALJ adequately states specific reasons for doing so, and those reasons are supported by substantial evidence, there is no such error. Moore v. Barnhart, 405 F.3d 1208, 1212 (11th Cir. 2005) (*per curiam*).

The ALJ's written decision meets both criteria. The plaintiff acknowledges that the ALJ provided reasons for discrediting Dr. Dehaven's opinion evidence and that those reasons are based upon evidence in the record. The plaintiff finds the ALJ's reasoning to be "confusing" and "perplexing," and she disagrees with the ALJ's conclusions. However, the court cannot reweigh the evidence and is limited to analyzing whether substantial evidence exists. The ALJ articulated good cause for giving less than substantial weight to a treating medical source's opinion. Accordingly, there is no legal error.

## CONCLUSION

Upon consideration of the parties' briefs and the record, the Commissioner's decision is based on substantial evidence and is in accordance with controlling law. The Commissioner's decision will be AFFIRMED by a separate judgment.

DONE, this the 31st day of March, 2016.

/s/ Susan Russ Walker
Susan Russ Walker
Chief United States Magistrate Judge